CENTER FOR DISABILITY ACCESS
Ray Ballister, Jr., Esq., SBN 111282
Mark Potter, Esq., SBN 166317
Phyl Grace, Esq., SBN 171771
Dennis Price, SBN 279082
Mail: PO Box 262490
San Diego, CA 92196-2490
Delivery: 9845 Erma Road, Suite 300
San Diego, CA 92131
(858) 375-7385; (888) 422-5191 fax
phylg@potterhandy.com

Attorneys for Plaintiffs

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| **Andres Gomez**,<br><br>        Plaintiff,<br><br>   v.<br><br>**Michael Kors Stores (California), Inc.,** a Delaware Corporation; and Does 1-10,<br><br>        Defendants. | **Case No**.<br><br>**Complaint For Damages And Injunctive Relief For** Violations Of: American's With Disabilities Act; Unruh Civil Rights Act |

Plaintiff Andres Gomez complains of Defendants Michael Kors Stores (California), Inc., a Delaware Corporation; and Does 1-10 ("Defendants") and alleges as follows:

**PARTIES:**

1. Plaintiff is a California resident with physical disabilities. He is visually impaired and suffers from macular atrophy and refractive amblyopia.

2. Defendants are, or were at the time of the incidents, the business operators and/or owners of the Michael Kors store ("Store") located at or about 6600 Topanga Canyon Boulevard, Canoga Park, California.

Complaint

3. Plaintiff does not know the true names of Defendants, their business capacities, their ownership connection to the property and business, or their relative responsibilities in causing the access violations herein complained of, and alleges a joint venture and common enterprise by all such Defendants. Plaintiff is informed and believes that each of the Defendants herein, including Does 1 through 10, inclusive, is responsible in some capacity for the events herein alleged, or is a necessary party for obtaining appropriate relief. Plaintiff will seek leave to amend when the true names, capacities, connections, and responsibilities of the Defendants and Does 1 through 10, inclusive, are ascertained.

**JURISDICTION & VENUE:**

4. This Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. § 1331 and § 1343(a)(3) & (a)(4) for violations of the Americans with Disabilities Act of 1990, 42 U.S.C. § 12101, et seq.

5. Pursuant to pendant jurisdiction, an attendant and related cause of action, arising from the same nucleus of operative facts and arising out of the same transactions, is also brought under California's Unruh Civil Rights Act, which act expressly incorporates the Americans with Disabilities Act.

6. Venue is proper in this court pursuant to 28 U.S.C. § 1391(b) and is founded on the fact that the real property which is the subject of this action is located in this district and that Plaintiff's cause of action arose in this district.

**FACTUAL ALLEGATIONS:**

7. The Plaintiff went to the Store three times in July of 2014 to both shop and to return items.

8. The Store is a facility open to the public, a place of public accommodation, and a business establishment.

Complaint

9. Point of sale machines are one of the facilities, privileges and advantages offered by defendants to their customers at the Store.

10. Unfortunately, although point-of-sale machines are made available to customers, there is not a single functioning and compliant point-of-sale machine for use by persons who are blind or have a significant impairment in their ability to see. Defendants discriminate on the basis of disability because it fails to afford individuals who are blind, or severely impaired visually, with the same ability to independently access the debit/credit card payment option provided to others at the Store, thus failing to ensure effective communication with its blind customers during transactions for its goods and services.

11. As a result of the inaccessible point-of-sale machines, plaintiff was unable to operate the point-of-sale machines independently.

12. The plaintiff personally encountered these problems. This inaccessible condition denied the plaintiff full and equal access and caused him difficulty, embarrassment, and frustration.

13. Plaintiff would like to return and patronize the Store but is deterred from visiting until the defendants cure the violation. Plaintiff's knowledge of the barriers deters him from returning even though he would like to visit -- and has wanted to visit -- the Store since his July 2014 visits. Indeed, plaintiff lives in Los Angeles County and shops and otherwise patronizes businesses throughout the County. This Store is conveniently located for plaintiff.

14. The defendants have failed to maintain in working and useable conditions those features required to provide ready access to persons with disabilities.

15. Given the obvious and blatant violations, the plaintiff alleges, on information and belief, that there are other violations on the site that relate to his disability. Plaintiff will amend the complaint, to provide proper notice

Complaint

regarding the scope of this lawsuit, once he conducts a site inspection and conducts further discovery. However, please be on notice that the plaintiff seeks to have all barriers related to his disability remedied. See *Doran v. 7-11*, 506 F.3d 1191 (9th Cir. 2007) (holding that once a plaintiff encounters one violation at a site, he can sue to have all barriers that relate to his disability removed regardless of whether he personally encountered them).

**I. FIRST CAUSE OF ACTION: VIOLATION OF THE AMERICANS WITH DISABILITIES ACT OF 1990** (On behalf of plaintiffs and against all defendants (42 U.S.C. section 12101, et seq.)

16. Plaintiff repleads and incorporates by reference, as if fully set forth again herein, the allegations contained in all prior paragraphs of this complaint.

17. Under the ADA, it is an act of discrimination to fail to ensure that the privileges, advantages, accommodations, facilities, goods and services of any place of public accommodation is offered on a full and equal basis by anyone who owns, leases, or operates a place of public accommodation. See 42 U.S.C. § 12182(a). Discrimination is defined, inter alia, as follows:

    a. A failure to make reasonable modifications in policies, practices, or procedures, when such modifications are necessary to afford goods, services, facilities, privileges, advantages, or accommodations to individuals with disabilities, unless the accommodation would work a fundamental alteration of those services and facilities. 42 U.S.C. § 12182(b)(2)(A)(ii).

    b. a failure to take such steps as may be necessary to ensure that no individual with a disability is excluded, denied services, segregated or otherwise treated differently than other individuals because of the absence of auxiliary aids and services,

>unless the entity can demonstrate that taking such steps would fundamentally alter the nature of the good, service, facility, privilege, advantage, or accommodation being offered or would result in an undue burden. 42 U.S.C. § 12182(b)(2)(A)(iii)

18. Title III of the ADA requires that public accommodations provide appropriate auxiliary aids and services where necessary to ensure effective communication with individuals with disabilities." 28 C.F.R. § 36.303(c); see also 42 U.S.C. § 12182(b)(2)(A)(iii). Auxiliary aids and services, including brailled materials and displays, screen reader software, accessible electronic and information technology, or other effective methods of making visually delivered materials shall be made available to individuals who are blind or have low vision. 28 C.F.R. § 36.303(b). The term auxiliary aids and services also include the acquisition or modification of equipment or devices and other similar services and actions. Finally, the title III regulation further requires that auxiliary aids and services must be provided in accessible formats, in a timely manner, and in such a way as to protect the privacy and independence of the individual with a disability.

19. Here, the point-of-sale machines at the Store did not comply with the law. Plaintiff is seeking an auxiliary aid or service that would allow him and other individuals who are blind, or who suffer from low vision, to complete a purchase with the same level of privacy and independence as customers who suffer from low vision or who are blind.

20. A public accommodation must maintain in operable working condition those features of its facilities and equipment that are required to be readily accessible to and usable by persons with disabilities. 28 C.F.R. § 36.211(a).

21. Here, the failure to ensure that the accessible facilities were available and ready to be used by the plaintiff is a violation of the law.

22. Given its location and options, the Store is a business that the plaintiff

Complaint

will continue to desire to patronize but he has been and will continue to be discriminated against due to the lack of accessible facilities and, therefore, seeks injunctive relief to remove the barriers.

**II. SECOND CAUSE OF ACTION: VIOLATION OF THE UNRUH CIVIL RIGHTS ACT** (On behalf of plaintiffs and against all defendants) (Cal Civ § 51-53)

23. Plaintiff repleads and incorporates by reference, as if fully set forth again herein, the allegations contained in all prior paragraphs of this complaint.

24. Because the defendants violated the plaintiffs' rights under the ADA, they also violated the Unruh Civil Rights Act and are liable for damages. (Civ. Code § 51(f), 52(a).)

25. Because the violation of the Unruh Civil Rights Act resulted in difficulty, discomfort or embarrassment for the plaintiffs, the defendants are also each responsible for statutory damages, i.e., a civil penalty. (Civ. Code § 55.56(a)-(c).)

**PRAYER**:

Wherefore, Plaintiff prays that this court award damages and provide relief as follows:

1. For injunctive relief, compelling defendants to comply with the Americans with Disabilities Act and the Unruh Civil Rights Act. Note: the Plaintiff is not invoking section 55 of the California Civil Code and is not seeking injunctive relief under the Disabled Persons Act at all.

2. Damages under the Unruh Civil Rights Act which damages provide for actual damages and a statutory minimum of $4,000 per offense.

3. Reasonable attorney fees, litigation expenses and costs of suit,

pursuant to 42 U.S.C. § 12205; Cal. Civ. Code § 52.

Dated: March 28, 2015       CENTER FOR DISABILITY ACCESS

/s/ Mark Potter

By: _____
Mark Potter, Esq.
Attorneys for Plaintiff

Complaint